■ JOHN A. STRYCHALSKI et al., Respondents, v MARGARET A. MEKUS, Appellant.—Judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs-respondents, John A. and Maryann Strychalski, were granted summary judgment in their action to compel specific performance of a contract to convey real property owned by appellant, Margaret A. Mekus. We believe a fact issue has been raised requiring a trial. It has been long recognized in New York that a parol discharge of a contract for the sale of land is valid (56 NY Jur, Statute of Frauds, §§ 156, 157) and that the parties to a written contract may mutually agree to cancel and rescind it *(Rodgers v Rodgers,* 235 NY 408, mod on rearg on other grounds 236 NY 577; *Schwartzreich v Bauman-Basch, Inc.,* 231 NY 196). Such an oral agreement canceling a written contract must be clearly expressed *(Frank Assoc. v Ryan & Sons,* 281 App Div 665; *Metallograph Corp. v Arma Eng. Co.,* 205 App Div 100, 104, app dsmd 236 NY 675) and have the same elements of mutual consent and consideration as are necessary for the formation of other informal contracts (17 Am Jur 2d, Contracts, § 492, pp 964-965). Thus, while a new agreement canceling a written contract requires some consideration *(Nassoiy v Tomlinson,* 148 NY 326; *Coe v Hobby,* 72 NY 141; *Holden v Putnam Fire Ins. Co.,* 46 NY 1; *Smith v Kerr,* 33 Hun 567, affd 108 NY 31; 10 NY Jur, Contracts, § 419), the mutual consent of the parties to rescind is ordinarily all the consideration required *(McCreery v Day,* 119 NY 1), since the discharge of one party from the obligation to perform further is sufficient consideration for the discharge of the other party from its obligation to perform *(McCreery v Day, supra; Rodgers v Rodgers, supra; American Broadcasting-Paramount Theatres v American Mfrs. Mut. Ins. Co.,* 42 Misc 2d 939, affd 20 AD2d 890). The rationale is that upon cancellation of the contract by mutual assent, each party thereby reciprocally receives from the other a renunciation and surrender of the rights, benefits and advantages which the contract conferred and a release and discharge from the burdens and obligations it imposed *(McCreery v Day, supra;* 10 NY Jur, Contracts, §§ 419, 420; 9 NY Jur, Contracts, § 86). An executory contract which contains a provision that it cannot be canceled orally may not be terminated effectively unless the

cancellation or discharge is in writing and signed by the party against whom the cancellation is sought to be enforced (General Obligations Law, § 15-301). Here, however, the contract of sale did not contain a clause requiring that cancellation be in writing or prohibiting oral termination. Thus, a written contract. may be terminated, although it may not be modified, by a subsequent oral agreement or by an implied agreement revealed from the conduct of the parties and the surrounding circumstances *(Schwartzreich v Bauman-Basch, Inc., supra;* 10 NY Jur, Contracts, § 420). The record reveals that after the appellant, Mrs. Mekus, entered into a written contract to sell her home she changed her mind. Appellant testified at an examination before trial that respondents verbally agreed to cancel the contract on February 14, 1975. Respondents concede that they went to Mrs. Mekus' house on February 14 and that she told them she wanted her house back. The respondents claim, however, that in response to her request to be released they told her that they would think about it, but that first they would have to consult their lawyer. Later on the same day, respondents telephoned Mrs. Mekus and claim that they told her they were going through with the deal. Where the defense to an action for specific performance of a contract to convey real property is based upon a claim of mutual cancellation of the contract sought to be enforced, as it is here, the burden is on the party asserting it to establish such defense *(Kroll v Zimmerman,* 88 NYS2d 440, app dsmd 91 NYS2d 751, affd 276 App Div 1098). Nonetheless, whether a contract has been terminated or canceled by mutual agreement is generally a question of fact for the jury where the evidence is conflicting *(Custen v Robison,* 180 App Div 384; see, also, *Parsons v First Trust & Deposit Co.,* 243 App Div 681, affd 269 NY 630). In order to grant the drastic remedy of summary judgment "it must clearly appear that no material and triable issue of fact is presented * * * 'issue-finding, rather than issue-determination, is the key to [a motion for summary judgment]' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). The purpose of the motion is to sift out evidentiary facts and determine from them whether an issue of fact exists. As such, the testimony of the nonmoving party appellant must be accepted as true and a decision on the motion must be made on the version of the facts most favorable to her. "Where there is any significant doubt whether there is a material triable issue of fact or where the material issue of fact is 'arguable' summary judgment must be denied" *(Moyer v Briggs,* 47 AD2d 64, 66-67; see, also, *Falk v Goodman,* 7 NY2d 87, 91). We conclude, therefore, that viewing the conflicting evidence presented in a light most favorable to appellant, a triable issue of fact exists with respect to the oral cancellation of the contract which precludes the granting of summary judgment. (Appeal from judgment of Chautauqua Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.