■ PATSY FUSCO et al., Respondents, v PARADE PUBLICATIONS, INC., et al., Appellants.—In an action to recover damages for breach of contract and fraud, defendants appeal from an order of the Supreme Court, Richmond County, dated September 14, 1977, which denied their motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements. The plaintiffs-respondents are the principal stockholders and officers of Trionics Engineering, Inc., the parent company of Marwil Enterprises, Ltd. The latter corporation manufactured crewel kits on a patented stretcher frame and marketed them by advertising in *Parade* magazine, a publication owned and operated by the defendants-appellants. The verified complaint alleges that the public response to the crewel kit advertisements in *Parade* was so favorable that the defendants entered into negotiation with plaintiffs aimed at the acquisition of the Trionics stock owned by them. Due to financial problems of Trionics, it was agreed that the plaintiffs would place Trionics in voluntary bankruptcy, thus enabling defendants to purchase ostensibly worthless stock from the trustee in bankruptcy. Plaintiffs agreed to this plan only after representations by defendants that they would pay all corporate debts that plaintiffs had personally guaranteed and for which they would be liable as a result of the bankruptcy. After plaintiffs placed Trionics into voluntary bankruptcy in December, 1974, the defendants allegedly reneged on the agreement and have subsequently refused to repay all of the corporate creditors (although plaintiffs allege that some debts have been repaid by defendants). We agree with Special Term that, at this stage of the pleadings, the complaint states viable causes of actions in fraud and breach of contract. Defendants contend that the contract in question is illegal in that it violated a Federal statute which proscribes individuals from "knowingly and fraudulently" profiting from any act, or forebearance from acting,

in a bankruptcy proceeding (see US Code, tit 18, § 152). It is argued that since the plaintiffs were motivated by personal gain in placing the corporation in bankruptcy, the statute was violated and, hence, that the complaint fails to state a cause of action. While the contract may ultimately be demonstrated to be illegal, we think a fair question of fact has been shown which should be fully explored at a trial. The record is replete with references to the serious financial problems of the corporation. Defendants clearly indicate that Trionics had substantial loans due and outstanding (including a loan of $20,000 to defendant American Family, Inc.) as well as difficulty in maintaining a continuous flow of inventory. Hence, a fair question is raised as to whether the corporation was, in fact, insolvent within the technical requirements of the Bankruptcy Act, since such insolvency would operate to remove any taint of illegality. A similar question is raised as to the fiduciary duties of the plaintiffs to the remaining public stockholders of Trionics stock. Furthermore, the cause of action for fraud is, at this stage of the litigation, also viable. Defendants argue that it is insufficient on its face for the want of the pleading of special damages (see *Mastro Ind. v CBS Records,* 50 AD2d 783). The complaint demands judgment in the sum of $305,015 on the fraud cause of action and, from this, it may be inferred that the plaintiffs have actually paid, or are actually liable for, that amount of money. It suffices that should the plaintiffs fail to prove actual out-of-pocket losses at the trial, the cause of action sounding in fraud will be dismissed for failure to adduce a prima facie case. The statute dealing with particularity in pleading fraud causes of action does not require more (see CPLR 3016, subd [b]). Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.