■ ISEDORE SIEGAL AND SON, INC., Respondent, v BURBERRYS INTERNATIONAL LIMITED, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered October 1, 1979 in Albany County, which denied defendant's motion for summary judgment. This is an action for breach of contract for the sale of certain articles of clothing. Plaintiff does business as Cohoes Manufacturing Co., a retail clothing store. Defendant is a manufacturer and importer of men's and women's clothing and accessories. Plaintiff alleges that defendant contracted to sell certain merchandise to it but refused to deliver. Defendant denies any contract was made and specifically alleges the Statute of Frauds. Special Term denied defendant's motion for summary judgment and this appeal ensued. It is alleged that five representatives of plaintiff met the sales manager of defendant at the latter's showroom in New York City for the purpose of purchasing merchandise; that discussions were had concerning certain articles of clothing; and that there came a time when one of plaintiff's representatives requested an order pad which was furnished by the sales manager. The "pad" is the crux of the instant litigation and two sheets of it are attached to the complaint. One of the sheets pertains to men's clothing, the other to women's. The pad is labeled "work sheet" and bears defendant's name, address and trademark. All of the writing on the two sheets was done by representatives of plaintiff, allegedly at the direction and supervision of defendant's sales manager. The portions of the sheets filled out pertain to style, cloth, price, size and quantities. It is further alleged that the completed sheets were given to the sales manager who made copies and gave copies to a representative of plaintiff. There are also averments in the record that the procedure followed by the parties is the custom and usuage in the industry for placing an order. Defendant urges reversal on the ground, *inter alia,* that there is no writing to sustain the alleged contract as required by section 2-201 of the Uniform Commercial Code. We disagree and are to affirm. Initially, we note that on such a motion the evidence offered by the nonmoving party must be accepted as true and a decision on the motion must be made on the version of the facts most favorable to the nonmoving party *(Strychalski v Mekus,* 54 AD2d 1068). Considering the record in its entirety, and viewing the evidence in light of this principle, we are of the opinion that there are factual issues raised which must await trial for resolution. Specifically, considering the two sheets together with the evidence pertaining to their execution, a question of fact is raised as to the intent of the parties and particularly as to whether defendant intended to authenticate the sheets. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.