■ GEORGIOS KYPREOS et al., Respondents, v MIKE SPIRIDEL-LIS, Also Known as MOSHOS T. SPIRIDELLIS, Appellant. (And a Third-Party Action.)

The plaintiffs commenced the instant action seeking specific performance of a written contract dated July 12, 1984, for the sale of realty in Queens County. In support of their motion for summary judgment, the plaintiffs presented evidence of the contract and its terms, including a description of the subject property, of their readiness, willingness and ability to perform the contract on the closing date, and of the defendant's refusal to transfer title to the premises pursuant to the agreement *(see,* 55 NY Jur, Specific Performance, § 4, at 433). The plaintiffs were therefore entitled to summary judgment unless the defendant satisfied his burden of "demonstrat[ing] by admissible evidence the existence of a factual issue requiring a trial of the action or tender[ing] an acceptable excuse for his failure to do so" *(Zuckerman v City of New York,* 49 NY2d 557, 560).

The defendant failed to meet his burden.

Preliminarily, it must be noted that the contract specified that it could not be canceled except in writing. Moreover, the defendant admitted that he did not read the contract. In opposition to the plaintiffs' motion for summary judgment, the defendant alleged, *inter alia,* that he had been fraudulently induced to sign the contract. Specifically, the defendant alleged that he engaged a licensed real estate broker, i.e., the third-party defendant Kiriazi, as his agent for the sale of the property and informed him that he was unwilling to make an unconditional commitment to sell the property prior to his obtaining final confirmation of a job offer in Florida. The defendant alleged that Kiriazi assured him that the agreement was in accordance with their prior understanding and that the contract of sale would be conditioned upon the defendant's obtaining the job in Florida. This condition, however, was not incorporated into the contract of sale.

The defendant's allegations are insufficient to state a defense to the action inasmuch as he raised no genuine issue of fact concerning fraud on the part of the plaintiffs *(see, Union Natl. Bank v Schurm,* 87 AD2d 682, 683). The defendant conceded in his deposition that he had not spoken with the plaintiffs with respect to the sale of the property or any conditions thereof prior to the execution of the contract. Neither did the defendant produce any evidence tending to establish the plaintiffs' participation in the fraudulent misrep-

resentations which he alleged against the broker. The defendant is bound to the terms of the .written agreement by his signature, and the fact that he may not have read the contract prior to its execution is of no moment *(see, e.g., Pimpinello v Swift & Co.,* 253 NY 159, 162-163). Special Term therefore properly found that the allegations of fraudulent inducement were insufficient to preclude the granting of the plaintiffs' motion for summary judgment.

The defendant also alleges that the plaintiffs orally agreed to cancel the written contract. However, the contract required that an agreement to cancel same be in writing *(cf. Strychalski v Mekus,* 54 AD2d 1068, 1069), and the defendant did not produce any evidence of such an agreement in writing *(see also,* General Obligations Law § 15-301). The defendant therefore failed to raise a triable issue of fact with respect to the alleged cancellation of the contract.

We have reviewed the defendant's remaining arguments and find them to be without merit.

Accordingly, the order appealed from must be affirmed. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.