■ JAMES J. O'LEARY, Respondent-Appellant, v RAYMOND LeCHASE, INC., Appellant-Respondent. (And a Third-Party Action.) (Appeal No. 1.)—Judgment unanimously reversed, on

the law, without costs, and new trial granted. Memorandum: Under the circumstances of this case, we deem a new trial to be necessary. In this action by plaintiff worker arising from a construction site accident, the court failed to instruct the jurors concerning the nondelegable duty imposed upon a general contractor pursuant to Labor Law § 241 (6). As the general contractor, LeChase had a nondelegable duty to provide a safe workplace in accordance with the statutory requirements irrespective of its control of supervision of the construction site (Allen v Cloutier Constr. Corp., 44 NY2d 290, 300). The jury could well have inferred from the court's instructions that breach of a regulation promulgated pursuant to statute (Labor Law § 241 [6]) was tantamount to a violation of the statute. Although the duty imposed by Labor Law § 241 (6) is nondelegable, breach of a regulation promulgated under that statute is only some evidence of negligence, and instructing a jury that breach of a regulation promulgated under Labor Law § 241 (6) creates liability constitutes error (Long v Forest-Fehlhaber, 55 NY2d 154; Allen v Cloutier Constr. Corp., supra). The court further complicated matters by charging that a breach of that statutory duty will make both the general contractor and plaintiff's employer liable to the plaintiff. (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J.—indemnification, Labor Law § 241 [6].) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.