■ JAMES J. O'LEARY, Plaintiff, v RAYMOND LeCHASE, INC., Third-Party Plaintiff-Respondent. CYCLOPS CORPORATION, ELWIN G. SMITH DIVISION, Third-Party Defendant-Appellant. (Appeal No. 4.)—Order and judgment unanimously reversed, on the law, without costs. *(See, mem in O'Leary v Raymond LeChase, Inc.* [appeal No. 1], 125 AD2d 991 [decided herewith]). (Appeal from order and judgment of Supreme Court, Monroe County, Provenzano, J.—indemnification.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.

■ ROBERT KURZ et al., Appellants, v JOHN E. NICOLO, Respondent.—Order unanimously affirmed, with costs. Memorandum: The court properly granted defendant's motion for summary judgment dismissing the complaint in this action to recover damages for fraud. The complaint alleges that when the parties entered into a contract for the purchase by plaintiff of land owned by defendant, defendant misrepresented the boundary of the land and concealed from plaintiff the fact that a portion of the land had been appropriated by the State for widening of the adjacent highway. In support of the motion for summary judgment, defendant submitted proof in evidentiary form that he did not misrepresent the boundary of the land and that at the time the contract was signed he gave plaintiff a prior deed of the property containing a description of the land and setting forth, as an exception, the portion appropriated by the State. In opposition to the motion, plaintiff failed to meet his burden by submitting clear and convincing evidence of fraudulent misrepresentations by defendant *(see, Rudman v Cowles Communications,* 30 NY2d 1, 10; *Cave v Green,* 281 App Div 560, 562, *affd* 308 NY 754).

The conclusory statement in plaintiff's affidavit that defendant "showed me the north boundary along the highway" is not clear and convincing proof of false misrepresentation. Moreover, the facts allegedly misrepresented were not peculiarly within defendant's knowledge and plaintiff had the means available to him of knowing, by the exercise of ordinary intelligence, the truth concerning the description and boundary of the land. Having failed to make use of such means, he will not be heard to complain that he was induced to enter into the purchase by misrepresentation *(see, Danann Realty Corp. v Harris,* 5 NY2d 317, 322). (Appeal from order of Supreme Court, Yates County, Kennedy, J.—summary judgment.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.