■ ROMAN DZIEGIELEWSKI et al., Respondents, v EDMUND SOWA et al., Appellants.—In an action for specific performance of a real estate contract, the defendants appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated May 14, 1987, which granted the plaintiffs' motion for summary judgment and awarded specific performance.

Ordered that the order is affirmed, with costs.

On May 5, 1981, the parties contracted for the sale of a six-family apartment building located in Brooklyn. The purchase price of the building was $20,500. The defendants failed to transfer title, and on May 29, 1982, the plaintiffs commenced this action for specific performance. After the answer was served the plaintiffs became impatient with their attorney, and, on June 10, 1983, they discharged him and moved to substitute a second attorney. Their second attorney became ill, and it was not until December 17, 1986 that they replaced him with their present counsel. On March 20, 1987, the plaintiffs moved for summary judgment.

The plaintiffs produced the contract and evidence that, on the closing date, they were ready, willing, and able to perform but that the defendants refused to transfer title. The defendant Edmund Sowa claimed that because of his poor English he thought that when he entered the contract he could cancel it. Based on this evidence, the Supreme Court properly granted summary judgment, because the defendants had failed to show that there existed factual issues requiring a trial (see, Kypreos v Spiridellis, 124 AD2d 786).

Despite the defendants' claim that the case was settled on June 8, 1982, it is clear that it was not. The checks the defendants provided were never negotiated and the release was never executed by the plaintiffs. In addition, two days after the settlement was allegedly negotiated the plaintiffs moved to substitute their attorney. Thus, the defendants knew the case was still active. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.