■ JULIE BARONE, Respondent, v TOWN OF POMFRET, Defendant, and COUNTY OF CHAUTAUQUA, Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant contends that the trial court erred in denying its motion for summary judgment. We disagree. In support of its motion defendant submitted the affidavit of Richard D. Sturges, Deputy Highway Superintendent and Supervisor of the County Engineering Department, stating that the county had done an engineering study in 1969 concerning the need for warning signs on the Berry Road Thruway overpass bridge and its approaches, and that the county had conducted an ongoing study and survey of the need to post signs in the area of the bridge. In response, plaintiff submitted Mr. Sturges' testimony at an examination before trial that the County Engineering Department never conducted a study of the bridge, and that it was only in a general sense that the county studied the need for warning signs on the bridge. For the purposes of this motion, the conflicting facts must be viewed in the light most favorable to the nonmoving party (see, Strychalski v Mekus, 54 AD2d 1068, 1069). Further, in determining a summary judgment motion, issue finding rather than issue determination is the key (Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261) and the motion must be denied if there is significant doubt whether a triable issue of fact exists, or if there is arguably such an issue (see, Hourigan v McGarry, 106 AD2d 845, 846). Since a triable issue of fact at least arguably exists with regard to whether the county's decision not to post warning signs on the bridge and its approaches "was without adequate study", summary judgment was properly denied (see, e.g., Atkinson v County of Oneida, 77 AD2d 257). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.