■ DOMINICA HERING, Respondent, v NEW YORK YANKEES et al., Defendants, and SECURITY OFFICERS & GUARDS UNION,

Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about April 6, 1990, which denied the motion of defendant, Security Officers & Guards Union, for summary judgment, is unanimously reversed, on the law and the facts, motion granted, and complaint dismissed, without costs. The clerk is directed to enter judgment granting defendant-appellant's motion for summary judgment.

On June 2, 1983, Ms. Dominica Hering, aged 20, while attending a night baseball game at Yankee Stadium (stadium), located in Bronx County, was injured as a result of an alleged assault by Mr. Joseph Arouni, who was an allegedly intoxicated spectator.

At the time of that incident, private security guards were present in the stadium, pursuant to a collective bargaining agreement (agreement) between the Security Officers & Guards Union (Union) and the River Operating Company, Inc. (River), a subsidiary of the New York Yankees, an Ohio limited partnership (Yankees). According to the terms of the agreement, the defendant Union provided members to work as security guards at the stadium, and River, as employer of the assigned Union members, was vested with the exclusive authority to, *inter alia,* manage, direct, and supervise their activities.

Thereafter, in April 1984, Ms. Hering (plaintiff) commenced an action against, among others, the Yankees, Mr. Arouni and the Union (defendants), to recover damages for the injuries that she had suffered in the stadium.

Following the joinder of issue and the completion of discovery, the defendant Union moved for summary judgment to dismiss the complaint. The IAS court denied that motion. Defendant Union appeals.

Our examination of the plaintiff's opposition papers to defendant Union's motion indicates that plaintiff claims that at approximately 8:45 P.M. on the day of the incident, defendant Mr. Arouni punched her in the face; this punch provoked a fight between four friends of the plaintiff and defendant Mr. Arouni and three of his friends, and during the course of the fight, Mr. Arouni threw plaintiff 12 rows of seats, causing her to suffer torn cartilage in her left knee and a chip fracture of her right ankle. Upon the basis of those facts, plaintiff contends that defendant Union was negligent since "[d]uring the game, prior to the time at which [plaintiff] was punched in the face, Arouni and his friends each consumed large quantities of beer and were acting in a rowdy manner. * * * At no time

during the ten to fifteen minute interval from the time that [plaintiff] was first punched by Arouni to the time she was thrown down twelve rows of seats did an officer or guard attempt to stop the fight. Not until [plaintiff] was lying unconscious and bleeding against the barrier of the upper deck did the security guards take action".

Since defendant Union has moved for summary judgment, and plaintiff opposes same, we are required to accept the plaintiff's allegations, *supra,* as true, and our decision "must be made on the version of the facts most favorable to [plaintiff]" *(Strychalski v Mekus,* 54 AD2d 1068, 1069 [4th Dept 1976]; *Salomon v Blanksteen Agency,* 120 AD2d 427, 430 [1st Dept 1986]).

Our examination of the provisions of the Union's agreement with River clearly indicates that the Union's obligation, to supply its members to work as security guards at the stadium, was only intended to benefit River, and not third persons, who were not parties to the contract. In *Pulka v Edelman* (40 NY2d 781, 782 [1976], *rearg denied* 41 NY2d 901 [1977]), the Court of Appeals stated "It is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff * * *. In the absence of duty, there is no breach and without a breach there is no liability".

Based upon our analysis, *supra,* we find that, since the Union owed no duty to plaintiff, there are no material triable issues of fact and, therefore, the IAS court erred in denying the Union's motion.

Accordingly, we reverse the order, and grant the defendant Union's motion for summary judgment. Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.