■ PARKWAY WOODS, INC., Respondent, v PETCO ENTERPRISES, INC., et al., Appellants. [608 NYS2d 314] —In an action to recover damages for fraud, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered January 30, 1992, upon a stipulation of agreed facts, which is in favor of the plaintiff and against them in the principal sum of $16,350.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed in its entirety.

The plaintiff alleged in its complaint that, when the parties entered into an option agreement for the purchase of real property improved by a gasoline service station, the defendants misrepresented that the defendant Petco Enterprises, Inc., was the owner of the subject property. The plaintiff further alleged that, in reliance on the defendants' misrepresentation of ownership, it permitted its assignee, the Mobil Oil Corporation, to conduct environmental testing on the property, at the latter's expense, to determine its suitability for use. After the Mobil Oil Corporation commenced its testing, the plaintiff ordered a title search, which revealed that the defendant Petco Enterprises, Inc., had sold the subject property prior to the date of its agreement with the plaintiff.

Since the plaintiff could have promptly searched the public records to learn that the defendant Petco Enterprises, Inc., did not in fact own the subject property, his delay in doing so renders his reliance on the defendants' alleged misrepresentation unjustified (see, Kurz v Nicolo, 125 AD2d 993). Additionally, the plaintiff has failed to establish a prima facie case of fraud in that the plaintiff has not proven that it suffered actual, out-of-pocket losses (see, Jo Ann Homes v Dworetz, 25 NY2d 112, 119; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727; see also, Fusco v Parade Publs., 63 AD2d 643, 644). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.