■ NICK SIOUNIS, Appellant, v SO-GUS REALTY CORP., Respondent, et al., Defendant. [632 NYS2d 592] —In an action, inter alia, to recover damages for breach of contract for the sale of

real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), dated April 4, 1994, which denied his motion for partial summary judgment against the defendant So-Gus Realty Corp. with respect to his second cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion, and substituting therefor a provision granting the plaintiff's motion for partial summary judgment against the defendant So-Gus Realty Corp. with respect to his second cause of action as to liability only; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In support of his motion for partial summary judgment, the plaintiff seller submitted proof in admissible form of the contract and its terms, his readiness, willingness, and ability to convey title to the property on the date of closing, and the refusal to perform by the defendant So-Gus Realty Corp. (hereinafter So-Gus Realty). The plaintiff also submitted So-Gus Realty's responses to his requests to admit wherein So-Gus Realty admitted the existence of the contract and its failure to close title and tender the balance due under the contract. Thus, the plaintiff sustained his burden by making a prima facie showing of entitlement to judgment as a matter of law on the second cause of action as to liability (*see, Zuckerman v City of New York*, 49 NY2d 557; *Kypreos v Spiridellis*, 124 AD2d 786), and there should be a trial on the issue of damages. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.