■ RUSSELL IRBY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 99-3013.) [698 NYS2d 187] —Order unanimously affirmed without costs for reasons stated in decision at Court of Claims, Midey, Jr., J. (Appeal from Order of Court of Claims, Midey, Jr., J.—Dismiss Claim.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.

■ JUDITH HARRIS, Appellant, v WILMORITE CORP. et al., Respondents. [697 NYS2d 439] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she slipped and fell in the parking lot of defendant Fayetteville Mall. She alleges that "defendants were the owner, lessee, manager and/or operator in control and possession of the Fayetteville Mall" at the time of her accident. Defendants moved for summary judgment dismissing the complaint on the ground that they have never owned, leased, managed or operated the mall and are thus not proper parties to the action.

Supreme Court properly granted the motion. Plaintiff does not dispute that defendants are not proper parties to the action. Rather, plaintiff contends that defendants are estopped from denying that they are proper parties because their conduct led her to believe otherwise. The court properly rejected that contention. Because a search of public records would have revealed the true owner of the mall, plaintiff's reliance upon defendants' allegedly misleading conduct is unjustified (see, Parkway Woods v Petco Enters., 201 AD2d 713; see also, Kurz v Nicolo, 125 AD2d 993). Further, defendants raised in their answer the affirmative defense that they are not proper parties to this action. Thus, the answer, served two weeks prior to the expiration of the Statute of Limitations, triggered plaintiff's duty to inquire into the identity of the proper defendants. "The doctrine of equitable estoppel will not apply if the plaintiff possesses 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations" (McIvor v Di Benedetto, 121 AD2d 519, 520; see, Contento v Cortland Mem. Hosp., 237 AD2d 725, 725-726, lv denied 90 NY2d 802). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.