■ JOHN F. MOSCA, Appellant, ᵥ DIANE M. KINER et al., Respondents. [716 NYS2d 543] —Order unanimously affirmed without costs. Memorandum: In October 1990, plaintiff purchased real property in a subdivision near Lake Delta in Rome, New York from defendant Diane M. Kiner. Kiner's real estate agent was defendant Dale R. Kinne, an employee of defendant Coldwell Banker 1st Rome Realty (Coldwell Banker). The property was advertised as having "deeded lake rights,"

and the multiple listing of the property indicated that the property had a "short path to lakefront private dock." Plaintiff commenced this fraud and breach of contract action after learning that the property did not have "deeded lake rights" behind the property and after discovering defects in the premises following the closing.

Coldwell Banker moved, *inter alia,* for summary judgment and to dismiss the complaint for failure to state a cause of action, and Kiner and Kinne each joined in the motion. Plaintiff cross-moved for summary judgment against all three defendants, and sought an inquest on the issue of damages. Supreme Court's order recites the various motions papers submitted to the court and states, "the Motion made by [Coldwell Banker], is hereby granted and the Plaintiff's Summons and Complaint be and the same is hereby dismissed." Plaintiff contends in a reply brief that only Coldwell Banker moved for summary judgment, and "[a]s such the complaint was only dismissed as against it." Contrary to plaintiff's contention, the record establishes that the remaining defendants joined in Coldwell Banker's motion. Thus, the order on appeal must be construed to grant not only Coldwell Banker's motion but also summary judgment to the remaining defendants.

The court properly dismissed the fraud cause of action involving the "deeded lake rights." Although the complaint sets forth in sufficient detail the circumstances constituting the wrong to satisfy the specific pleading requirements for fraud (*see,* CPLR 3016 [b]), defendants nonetheless are entitled to summary judgment dismissing that cause of action. Where a "plaintiff had the means available to him of knowing, by the exercise of ordinary intelligence, the truth concerning the description and boundary of the land * * * [and] failed to make use of such means, he will not be heard to complain that he was induced to enter into the purchase by misrepresentation" (*Kurz v Nicolo,* 125 AD2d 993; *see, Danann Realty Corp. v Harris,* 5 NY2d 317, 322). Because the presence or absence of the "deeded lake rights" was a matter of public record, the information was not particularly within defendants' knowledge and "could have been ascertained by the plaintiff[ ] by means available to [him] through the exercise of ordinary intelligence" (*Esposito v Saxon Home Realty,* 254 AD2d 451; *see, Eisenthal v Wittlock,* 198 AD2d 395, 396, *lv dismissed* 84 NY2d 849).

We further conclude that the fraud cause of action involving defects in the premises was properly dismissed. Plaintiff contends that this issue is not properly before this Court because it was not raised at Supreme Court. We disagree. The

affidavits of plaintiff and Kiner's attorney sufficiently raised the issue (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430). Although general merger clauses "do not serve to exclude parol evidence of fraud in the inducement * * * specific disclaimers contained within an agreement can provide an effective defense against allegations in a complaint which assert that the agreement was executed in reliance upon oral misrepresentations" (*Schooley v Mannion*, 241 AD2d 677, 678). Here, any misrepresentations concerning the condition of the premises were specifically covered by the disclaimers in the contract of sale, which provided that plaintiff had inspected the premises and was taking the premises "as is" (*see, McManus v Moise*, 262 AD2d 370, 371).

Finally, the breach of contract cause of action was also properly dismissed. Any contractual protection afforded by plaintiff's right to inspect the premises covered only defects that arose between July 31, 1990, the date of the contract of sale, and the date upon which plaintiff took possession. Plaintiff made no allegation that any defect arose during that period. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.