■ BARRY K. DYKE, Appellant, v ROGER A. PECK et al., Respondents. [719 NYS2d 391] —Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 21, 2000 in Otsego County, which granted defendants' motions for summary judgment dismissing the complaint.

On July 3, 1995, after inspecting a house and parcel of real property with defendant Richard W. Peet, an agent of defendant Coldwell Banker Lobdell Real Estate, plaintiff signed a contract to purchase the real estate. Plaintiff claimed that during his July 3, 1995 inspection he was told by defendant Roger A. Peck,[1] the owner who was at the house at the time, that the floor area under the shag rug in the living room/dining room consisted of "a slab with two layers of plywood and a cushion above that and a shag rug above that." On July 5, 1995 plaintiff sent a letter by facsimile transmission to Peet with several questions, including, "What is under the shag rug in the living room/dining room? Is it concrete or plywood? I need an answer now." Peet telephoned plaintiff with answers within a day. Apparently satisfied, plaintiff went ahead with the transfer of title to the property within the month, giving the Pecks cash and a mortgage of $63,000 to finance the $83,000 purchase price.

Shortly after the purchase, plaintiff felt depressions in the floor and upon removing the wall-to-wall carpeting discovered that the wood under the carpeting in the living room/dining room area and in the kitchen had rotted, that there were several holes and that there was no slab immediately beneath the floor. Plaintiff repaired the damaged floor by installing crushed stone, a concrete slab and new plywood at his own expense.

In March 1998 plaintiff commenced this action against defen-

---

1. Peck's wife, Roena C. Peck, is also a named defendant.

dants[2] alleging that they made fraudulent representations which intentionally concealed the defective condition of the floor in order to induce him to purchase the property and seeking money damages, including the cost of the repairs. Defendants answered and the Pecks' answer asserted a counterclaim to foreclose plaintiff's purchase money mortgage, which plaintiff admitted was in default since February 1998. After discovery, all defendants moved for summary judgment seeking dismissal of the complaint, with the Pecks also seeking summary judgment on their foreclosure counterclaim. Supreme Court denied that portion of the Pecks' motion seeking dismissal of the complaint for failure to comply with the technical requirements of CPLR 3016 (f), but held that plaintiff's fraudulent inducement claim against the Pecks was precluded because "[t]he language of the contract is clear and unambiguous and certainly specific enough to alert anyone as to what they had a right to expect in this transaction." The court granted Peet's and Coldwell Banker's motion finding that plaintiff had failed "to allege any facts with sufficient specificity to permit an inference of fraudulent intent on the part of [Peet and Coldwell Banker]." Supreme Court also found that the Pecks were entitled to summary judgment on their mortgage foreclosure counterclaim. Plaintiff now appeals.

On appeal plaintiff argues that the contract signed by the parties did not contain any specific disclaimer clauses which were "clear, unambiguous and specific enough" to bar his claims of fraudulent inducement, concealment and misrepresentation, and that material questions of fact exist as to those claims as they pertain to the Pecks, thus precluding summary judgment. We agree with plaintiff that the language of the real estate contract lacks the specificity which is necessary to bar the use of parol evidence to prove a claim of fraud in the inducement (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 320; *Mosca v Kiner*, 277 AD2d 937; *Landes v Sullivan*, 235 AD2d 657, 658; *Couch v Schmidt*, 204 AD2d 951, 952), since the clauses in this contract amount to nothing more than general merger or "as is" clauses which do not serve to exclude parol evidence of fraud in the inducement (*see, Cetnar v Kinowski*, 263 AD2d 842, 843, *lv dismissed* 94 NY2d 872; *Schooley v Mannion*, 241 AD2d 677, 678).

We do uphold, however, Supreme Court's grant of defendants' summary judgment motions, albeit for a different reason (*see, e.g., People v Kin Kan*, 78 NY2d 54, 57; *Herzog, Engstrom &*

---

**2.** Coldwell Banker was alleged to be vicariously liable for the actions of Peet, its agent.

*Koplovitz v Union Natl. Bank*, 226 AD2d 1004), concluding that on this record plaintiff has not shown by evidentiary proof in admissible form that he relied on, or was justified in relying on, Peck's alleged July 3, 1995 misrepresentation or Peet's alleged misrepresentation on July 6, 1995, a necessary element of any fraud claim (*see, Barclay Arms v Barclay Arms Assocs.*, 74 NY2d 644, 645; *see, e.g., DonDero v Gardner*, 267 AD2d 830, 831).

Plaintiff's claim against defendants is based upon the two above-referenced misrepresentations. Accepting plaintiff's statement concerning Peck's July 3, 1995 fraudulent misrepresentation to be true, as Supreme Court did in its determination not to dismiss the complaint pursuant to CPLR 3016 (f) (*see, Greco v Boyce*, 262 AD2d 734; *Trustco Bank, Natl. Assn. v Cannon Bldg. of Troy Assocs.*, 246 AD2d 797, 798), it is clear from the record that plaintiff did not rely on that statement because two days later he wrote to Peet wanting an immediate answer to, *inter alia*, his question concerning what was under the rug in the living room/dining room. Although Peet's alleged material misrepresentation on July 6, 1995 that the floor under the rug in the living room/dining room was a concrete slab is imputable to Peck under the agency-principal doctrine, as it was alleged to have been made within the scope of Peet's authority as the Pecks' real estate agent (*see, e.g., Adler v Helman*, 169 AD2d 925), we nevertheless find that plaintiff's claimed reliance on Peet's misrepresentation (if made) was not justified under the circumstances here (*see, Barclay Arms v Barclay Arms Assocs., supra*) and that defendants' summary judgment motions were properly granted.

In concluding that plaintiff unjustifiably relied on Peet's alleged July 6, 1995 misrepresentation, we note that schedule A to the "Single Family Residential Listing Contract" dated May 20, 1995 and the Multiple Listing Service listing annexed as exhibits to plaintiff's papers submitted in opposition to the motions clearly indicate that the foundation was a crawl space, and there was no proof in the record that the crawl space was hidden, inaccessible or otherwise undiscoverable. Additionally, it is evident from the record that plaintiff was very involved in every aspect of this transaction, demanding answers to a myriad of written questions and pushing this transaction to closing, as evidenced by his July 5, 1995 letter to the realtor and his counsel's July 7, 1995 letter in the record. There is nothing which demonstrates that this very involved plaintiff was in any way barred from making an adequate physical inspection of the premises. Nor is there any evidence to suggest that

plaintiff could not have readily ascertained what was under the shag rug in the living room/dining room by making additional relevant inquiries and exercising ordinary intelligence (*see, Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908), thereby precluding him from now complaining that he was induced into this contract by any misrepresentations (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 322, *supra*; *DonDero v Gardner*, 267 AD2d 830, 831, *supra*).

Finally, as fraud is not a defense in an action to foreclose a mortgage (*see, Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 122; *Bankers Trust N. Y. Corp. v Renting Off.*, 91 AD2d 1140, 1141) and plaintiff admitted that he began escrowing, not paying, his monthly mortgage payment to the Pecks prior to the commencement of this action, the Pecks were properly granted summary judgment on their foreclosure counterclaim.

Crew III, J. P., Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.