■ DUANE THOMAS LLC, Appellant, v 62 THOMAS PARTNERS, LLC, et al., Respondents. [751 NYS2d 441] —Judgment, Supreme Court, New York County (Richard Braun, J.), entered June 8, 2001, which, to the extent appealed from as limited by the brief, upon the prior grant of defendants' motions pursuant to CPLR 3211, dismissed the first and fourth causes of action in the amended complaint, unanimously affirmed, without costs.

The first cause of action purporting to allege fraud was properly dismissed since plaintiff has no claim of justifiable reliance upon the alleged misrepresentations in the Suskin affidavit. Plaintiff had the right to inspect the subject premises before the closing, and, as the parties' contract indicates, did so. The items mentioned in the Environmental Control Board's notice of violation, namely, skylights and fire doors in public hallways, were not peculiarly within defendants' knowledge. Since plaintiff could have discovered the premises' noncompliance with the settlement agreement "by making additional relevant inquiries and exercising ordinary intelligence" (*Dyke v Peck*, 279 AD2d 841, 844), it " 'will not be heard to complain that [it] was induced to enter into the transaction by misrepresentations' " (*CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 895, quoting *Schumaker v Mather*, 133 NY 590, 596).

Inasmuch as it is clear from plaintiff's reply brief and affidavit that its fourth cause of action, also purporting to allege fraud, is based solely on alleged misrepresentations in the contract for the sale of the subject property, and thus that the complained-of misrepresentations are not collateral or extraneous to the contract, the cause states no claim for fraud (*see e.g. Varo, Inc. v Alvis PLC*, 261 AD2d 262, 265, 269, *lv denied sub nom. IMO Indus. v Alvis PLC*, 95 NY2d 767; *Morgan v A.O. Smith Corp.*, 265 AD2d 536, *lv denied* 95 NY2d 758). Concur—Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.