██ MATTHEW P. BENNETT et al., Respondents, v CITICORP MORTGAGE, INC., et al., Respondents, and AUDREY EDELMAN & ASSOCIATES, Appellant. [778 NYS2d 806]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered August 12, 2003. The order denied the motion of defendant Audrey Edelman & Associates for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claims against defendant Audrey Edelman & Associates are dismissed.

Memorandum: Supreme Court erred in denying the motion of defendant Audrey Edelman & Associates (Edelman) seeking summary judgment dismissing the complaint and cross claims against it. This action arises from the purchase of real estate by plaintiffs from defendant Citicorp Mortgage, Inc. (Citicorp) in a transaction in which Edelman was the listing agent and defendant Commonfund Mortgage Corporation was the mortgagee. Plaintiffs commenced this action after discovering that the deed conveyed fewer acres than they expected. Plaintiffs seek damages from Edelman for fraud and negligent misrepresentation based on alleged misrepresentations by Edelman that Citicorp had 15 acres to sell and that all 15 acres were included in the purchase.

We agree with Edelman's contention that any reliance by plaintiffs upon those alleged misrepresentations was not justified or reasonable. Citicorp's ownership of only five acres was a matter of public record, readily ascertainable from the abstract of title provided to plaintiffs' attorney for her review prior to the closing. Indeed, the deed accurately sets forth the description and boundaries of the property. Plaintiffs "had the means available to [them] of knowing, by the exercise of ordinary intel-

ligence, the truth concerning the description and boundar[ies] of the land . . . [and, because they] failed to make use of such means, [they] will not be heard to complain that [they were] induced to enter into the purchase by misrepresentation" (*Kurz v Nicolo*, 125 AD2d 993, 993 [1986]; *see Mosca v Kiner*, 277 AD2d 937, 938 [2000]; *Parkway Woods v Petco Enters.*, 201 AD2d 713 [1994]). We reject the contention of plaintiffs that they are not charged with notice of the discrepancies that their attorney failed to disclose to them (*see Otsego Aviation Serv. v Glens Falls Ins. Co.*, 277 App Div 612, 618 [1951]). We therefore grant the motion of Edelman and dismiss the complaint and cross claims against it. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.