■ MARK TARANTUL et al., Respondents, v IGOR CHERKASSKY et al., Appellants, et al., Defendant. [923 NYS2d 133]—

In an action, inter alia, for the release of funds held in an escrow account, the defendants Igor Cherkassky and Nelly Cherkassky appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated

May 12, 2010, as granted those branches of the plaintiffs' motion which were for summary judgment dismissing the defendants' first, second, and third counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, Mark Tarantul and Rosa Tarantul (hereinafter together the sellers), entered into a contract to sell their property to the defendants Igor Cherkassky and Nelly Cherkassky (hereinafter together the buyers). Following the closing, the sellers commenced this action, claiming that they were entitled to the return of $40,000 held in escrow, upon obtaining a tax abatement on the property. The buyers counterclaimed, alleging, inter alia, that the sellers had failed to deliver a newly constructed home as promised, entitling them to damages for breach of contract (hereinafter the first counterclaim) and fraudulent inducement (hereinafter the second counterclaim). The third counterclaim also alleged breach of contract based on allegations that, after the closing, the home's plumbing and electrical systems were not in working order (hereinafter the third counterclaim). The sellers moved for summary judgment, among other things, dismissing the buyers' first three counterclaims, and the Supreme Court granted those branches of the sellers' motion. We affirm the order insofar as appealed from.

Contrary to the buyers' contention, the contract of sale is unambiguous in that it does not call for the sale of a newly constructed home on the property (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Since the contract is unambiguous, parol or extrinsic evidence may not be considered (*see Boster-Burton v Burton*, 73 AD3d 671, 673 [2010]; *Fernandez v Price*, 63 AD3d 672, 675 [2009]). Therefore, the sellers satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the buyers' first counterclaim and, in opposition, the buyers failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

"[A] cause of action alleging fraudulent inducement may not be maintained if specific disclaimer provisions in the contract of sale disavow reliance upon oral representations" (*Laxer v Edelman*, 75 AD3d 584, 586 [2010]). Here, the specific provisions in the contract of sale barred the second counterclaim. The buyers expressly represented that the sellers had not made any representation as to the physical condition or any matter or thing affecting or relating to the property or the contract except as specifically set forth therein, and that the buyers were relying on their own inspection of the property (*see Bedowitz v Farrell*

*Dev. Co.*, 289 AD2d 432, 433 [2001]; *Cohan v Sicular*, 214 AD2d 637, 638 [1995]). Further, the parties did not enter into the contract until after the construction had been completed and the buyers had the opportunity to inspect the property and, thus, the buyers had the means to determine the condition of the home (*see Orlando v Kukielka*, 40 AD3d 829, 831-832 [2007]). Therefore, the sellers satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the buyers' second counterclaim and, in opposition, the buyers failed to raise a triable issue of fact.

The sellers satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the buyers' third counterclaim by eliminating all issues of fact as to whether they had any obligation to ensure that the home's plumbing and electrical systems were in working order beyond the date of the closing. In opposition, the buyers failed to raise a triable issue of fact.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court correctly awarded the sellers summary judgemnt dismissing the buyers' first, second, and third counterclaims. Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.