# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**114**

**CA 11-01790**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

ANNE E. DOLANSKY, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDWARD A. FRISILLO AND NANCY G. FRISILLO,
DEFENDANTS-APPELLANTS.

---

RALPH W. FUSCO, UTICA, FOR DEFENDANTS-APPELLANTS.

FOLEY LAW FIRM, LLC, OLD FORGE (TIMOTHY D. FOLEY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County
(Michael E. Daley, J.), entered May 16, 2011. The order granted the
motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of plaintiff's
motion for summary judgment on the complaint and vacating the award of
damages and as modified the order is affirmed without costs.

Memorandum: In May 2007, defendants entered into a contract with
plaintiff to purchase real property for $200,000. Defendants' deposit
in the amount of $2,000 was held in escrow. The sale did not close,
and plaintiff sold the property to a third party for $180,000 in
October 2007. Plaintiff thereafter commenced this breach of contract
action seeking damages in the amount of $20,000, i.e., the difference
in the purchase price of the property paid by the third party and the
contract price. Supreme Court granted that part of plaintiff's motion
for summary judgment on the complaint, ordered that the $2,000 deposit
held in escrow be delivered to plaintiff, and awarded plaintiff
judgment in the sum of $18,000 plus interest. In addition, the court
granted the remainder of plaintiff's motion, seeking summary judgment
dismissing the counterclaim, for fraudulent misrepresentation.

We agree with defendants that the court erred in granting that
part of plaintiff's motion for summary judgment on the complaint
inasmuch as there are triable issues of fact whether the parties
orally agreed to cancel the contract. We therefore modify the order
accordingly. It is well settled that "parties to a written contract
may mutually agree to cancel and rescind it" (*Strychalski v Mekus*, 54
AD2d 1068, 1068; *see Day One Express Corp. v Gracepat Corp.*, 55 AD3d
366; *Jones v Trice*, 202 AD2d 394). "[W]hether a contract has been
terminated or cancelled by mutual agreement is generally a question of
fact for the jury where the evidence is conflicting" (*Strychalski*, 54

AD2d at 1069; *see Lucenti v Cayuga Apts*., 59 AD2d 438, 442, *affd* 48 NY2d 530). Here, although plaintiff met her initial burden on that part of the motion with respect to the complaint (*see generally Karo v Paine*, 55 AD3d 679, 679-680; *Ryan v Corbett*, 30 AD3d 1062, 1063), defendants raised an issue of fact concerning oral cancellation of the contract in opposition to the motion. In their respective affidavits, both defendants averred that plaintiff orally agreed to cancel the contract in exchange for retaining the $2,000 deposit, and defendants noted that the deposit was not in fact returned. Thus, the conflicting statements in the parties' affidavits raise an issue of credibility that cannot be resolved by a motion for summary judgment (*see generally Godlewski v Carthage Cent. School Dist.*, 83 AD3d 1571, 1572; *Burgio v Ince*, 79 AD3d 1733, 1735-1736).

Contrary to the contention of plaintiff, neither the statute of frauds nor the contract itself prohibits the oral cancellation of the contract. Although contracts for the conveyance of real property are required by the statute of frauds to be in writing (*see* General Obligations Law § 5-703), "a parol discharge of a contract for the sale of land is valid" (*Strychalski*, 54 AD2d at 1068; *see Lucenti*, 59 AD2d at 441-442). Nonetheless, "[an] executory contract which contains a provision that it cannot be cancelled orally may not be terminated effectively unless the cancellation or discharge is in writing and signed by the party against whom the cancellation is sought to be enforced" (*Strychalski*, 54 AD2d at 1068-1069; *see* § 15-301 [2]; *see e.g. Kypreos v Spiridellis*, 124 AD2d 786, 788). Here, however, the contract does not require that termination of the contract be in writing; rather, it contains a provision that the contract "may only be *changed* in writing, signed by all parties" ([emphasis added]; *see* § 15-301 [1], [2]; *cf. Kypreos*, 124 AD2d at 788). Here, we conclude that the term "changed" does not include cancellation or termination (*see Strychalski*, 54 AD2d at 1068-1069). Indeed, the General Obligations Law contains separate subdivisions concerning oral *changes* made to a contract and oral *terminations* of a contract (*see* § 15-301 [1], [2]). We reject defendants' contention, however, that the court erred in granting that part of plaintiff's motion for summary judgment dismissing the counterclaim, inasmuch as we conclude that defendants' allegations of fraud on the part of plaintiff are insufficient to raise an issue of fact precluding summary judgment (*see e.g. Kypreos*, 124 AD2d at 787-788). Although defendants contend that plaintiff misrepresented her knowledge of the condition of the garage when she indicated that it was "unknown" whether the garage had structural defects, there is no competent evidence that plaintiff misrepresented her knowledge of the condition of the garage when the parties entered into the contract (*see Devine v Meili*, 89 AD3d 1255). The affidavit of Edward A. Frisillo (defendant husband) merely states in a conclusory manner that "it is inconceivable" that plaintiff was unaware of the defects when a contractor estimated that it would cost $44,000 to repair the garage (*see id.* at 1256).

In any event, even assuming, arguendo, that plaintiff or her broker misrepresented the condition of the garage, we conclude that defendants' allegations of fraud on the part of plaintiff are

insufficient to preclude an award of summary judgment dismissing the counterclaim.  Defendants failed to raise a triable issue of fact with respect to whether they justifiably relied on the alleged misrepresentations, which is "a necessary element of any fraud claim" (*Dyke v Peck*, 279 AD2d 841, 843; *see Bennett v Citigroup Mtge., Inc.*, 8 AD3d 1050).  There is no justifiable reliance " '[w]here a party has the means to discover [a falsehood] by the exercise of ordinary intelligence, and fails to make use of those means' " (*Tanzman v La Pietra*, 8 AD3d 706, 707; *see Pettis v Haag*, 84 AD3d 1553, 1554-1555).  Here, plaintiff set forth in the statutory disclosure form that the garage had water and rot damage and that she did not know whether there were structural defects in the garage.  Thus, defendants were given specific notice of possible defects in the garage, and "[t]here is nothing which demonstrates that [defendants were] in any way barred from making an adequate physical inspection of the [garage]" (*Dyke*, 279 AD2d at 843).  Further, defendant husband's own affidavit belies defendants' contention that they relied on the broker's alleged misrepresentation.  In particular, defendant husband averred that he found it "very confusing" for the broker to represent that the garage did not have structural defects while the seller set forth in the statutory disclosure form that it was "unknown" whether there were structural defects, and he therefore wanted to obtain an inspection prior to closing to determine whether the garage was sound.

Further, defendants' allegations of fraud are insufficient to preclude summary judgment on the counterclaim because the contract specifically "extinguished" any such claims (*85-87 Pitt St., LLC v 85-87 Pitt St. Realty Corp.*, 83 AD3d 446; *see Tarantul v Cherkassky*, 84 AD3d 933, 934-935; *Mosca v Kiner*, 277 AD2d 937, 939).  In particular, " 'alleg[ations of] fraudulent inducement may not be maintained if[, such as here,] specific disclaimer provisions in the contract of sale disavow reliance upon oral representations' " (*Tarantul*, 84 AD3d at 934; *see Mosca*, 277 AD2d at 939).  Here, the contract provided that defendants had inspected the property and that they agreed to purchase it " 'as is' " (*see Tarantul*, 84 AD3d at 934-935; *Mosca*, 277 AD2d at 939).  The contract further provided that "there are no other promises . . . warranties, representations or statements other than contained [in the contract]" (*see Tarantul*, 84 AD3d at 934-935; *Mosca*, 277 AD2d at 939).

In light of our determination, there is no need to address defendants' remaining contentions.

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court