13-1287-cv
*PH Int'l Trading Corp. v. Nordstrom, Inc.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PH INTERNATIONAL TRADING CORP.,

> *Plaintiff-Appellant,*

> -v.-                                                                  No. 13-1287-cv

NORDSTROM, INC.,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Bernard Weinreb, Spring Valley, NY.

**FOR DEFENDANT-APPELLEE:**          Jason L. Jurkevitch, Sills Cummis & Gross
                                                            P.C., Newark, NJ.

1

Appeal from the March 19, 2013 judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 19, 2013 judgment of the District Court be **AFFIRMED**.

Appellant PH International Trading Corp. d/b/a Hana K. ("Hana K.") appeals from the March 19, 2013 judgment of the District Court granting summary judgment for defendant Nordstrom, Inc. ("Nordstrom") in this diversity breach of contract action. Hana K., a wholesale distributor of fur, leather and shearling garments, claims that in 2002 it entered into a contract with Nordstrom, through Nordstrom's authorized fur buyer Rick Boniakowski, to sell Nordstrom $780,000 worth of garments, and that Nordstrom failed to honor that contract. In a March 12, 2013 Memorandum Order , the District Court granted summary judgment for Nordstrom on the basis that the alleged contract did not satisfy the statute of frauds under the New York Uniform Commercial Code ("N.Y. U.C.C.") § 2-201,[1] or any exception thereto. Hana K. contends that the District Court erred by concluding: (1) that the contractual documents were not "signed by the party against whom enforcement is sought," N.Y. U.C.C. § 2-201(1), in this case Nordstrom; and (2) that the goods in question did not satisfy the "specially manufactured goods" exception to the statute of frauds, *id.* at § 2-201(3)(a).[2]

---

[1]  The New York statute of frauds provides in relevant part:

> Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

N.Y. U.C.C. § 2-201(1).

[2]  The "specially manufactured goods" exception states:

> A contract which does not satisfy the requirements of [the statute of frauds] but which is valid in other respects is enforceable (a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement[.]

N.Y. U.C.C. § 2-201(3)(a). Hana K. also argued below that the "Merchant's Exception," *id.* at § 2-201(2) to the statute of frauds applied, but does not press that argument on appeal.

## DISCUSSION

### A. Requirement of a "Signed" Writing

The only element of the statute of frauds at issue here is the requirement that the writing be "signed." To establish this element, plaintiff relies on: (1) a "PO Detailed Summary Report" dated August 15, 2002, bearing Nordstrom's name at the top and detailing the buyer, seller, shipping dates, and a price of $116,395 (the "Summary Report"); (2) a September 11, 2002 email from Monica Ward ("Ward"), a Vice President at Nordstrom, stating that the Summary Report "has not be [sic] activated as an approved order in our system. This [Summary Report] was faxed to you prior to an authorized signature;" and (3) an October 1, 2002 letter from Ward stating that Boniakowski had not complied with Nordstrom's "policies and procedures as they relate to proper confirmation of a Nordstrom purchase order," and therefore Nordstrom did not consider it a valid purchase order.[3]

The District Court properly rejected plaintiff's argument that Ward's email and letter disaffirming the validity of the contract with Hana K. can provide the requisite "signature."[4] The purpose of the signature requirement is to confirm that the party had "present intention to authenticate the writing." N.Y. U.C.C. § 1-201 cmt. 39. The Ward documents do just the opposite.

Plaintiff's argument with respect to the Summary Report fares no better. Plaintiff relies on *Isedore Siegal & Son, Inc. v. Burberrys International Ltd.*, 433 N.Y.S.2d 240, 240-41 (3d Dep't 1980), which held that a "'worksheet' [bearing] defendant's name, address and trademark" raised "a question of fact . . . as to whether defendant intended to authenticate the sheet." As the District Court noted, "the [Summary Report] is marked as a 'worksheet' rather than an approved or 'authorized' order, and the terms and conditions referenced in that document provide that Nordstrom "will not assume liability for goods delivered prior to the issuance of an authorized purchase order." *P.H. Int'l Trading Corp. v. Nordstrom, Inc.,* No. 07 Civ. 10680 (VB), 2013 WL 1811913, at *4 (S.D.N.Y. Mar. 12, 2013). Thus, even if such a sheet could satisfy the signature requirement, Nordstrom's stated policy, of which Hana K. had notice, explicitly disclaimed intent to enter into a binding contract on the basis of the Summary Report. Hana K. cites no other document that could provide the basis for a signature authenticating the transaction. Accordingly, we affirm the District Court's finding that the documents in question did not meet the requirements of N.Y. U.C.C. § 2-201(1).

---

[3] Hana K. also cites a handwritten note purportedly written by Boniakowski. This note is unsigned, undated, and does not identify the buyer or seller. Hana K. states that it does not rely on this document to satisfy the statute of frauds. Appellant's Br. at 9.

[4] Under the New York U.C.C., the term "'Signed' includes any symbol executed or adopted by a party with present intention to authenticate a writing." N.Y. U.C.C. § 1-201(39). The official comment elaborates that "[i]t may be on any part of the document and in appropriate cases may be found in a billhead or letterhead. . . . The question always is whether the symbol was executed or adopted by the party with present intention to authenticate the writing." *Id.* § 1-201 cmt. 39.

3

### B. Specially Manufactured Goods Exception

In support of the argument that the coats in question were specially manufactured within the meaning of the statute of frauds, Hana K. argues that the coats were expensive, that a large inventory was not kept, and that one of Hana K.'s owners stated in an affidavit that his business specialized in custom made coats. Appellant's Br. at 37-38. However, as the District Court observed, Hana K. produced no evidence that these coats were specially made and were not suitable for sale to others as required by N.Y. U.C.C. § 2-201(3)(a). *See P.H. Int'l Trading Corp.*, 2013 WL 1811913, at *6 (noting that "the deposition testimony and affidavits of plaintiff's witnesses indicate that plaintiff produced similar products for retailers other than defendant, and plaintiff . . . cannot differentiate between items manufactured specifically for defendant and items manufactured for other retailers"). We therefore affirm the District Court's conclusion that the "specially manufactured goods" exception to the statute of frauds does not apply.

### CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the March 19, 2013 judgment of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

4