■ SUMMIT LAKE ASSOCIATES, INC., Respondent, v VICTORINE

JOHNSON et al., Appellants. (And a Third-Party Action.)—Mikoll, J.

Plaintiff commenced this action against defendants, alleging that, on or about January 12, 1987, the parties entered into a written contract whereby defendant Victorine Johnson would sell approximately 215 acres of land including a "land locked parcel" to plaintiff. The contract also specified that the seller shall, upon payment of the purchase price, "convey the property by good and sufficient" warranty deed. Instead, defendants* sold the land-locked parcel containing 0.062 acre to a third party for $6,000 and, at the closing, delivered a deed to plaintiff which, *inter alia,* excepted the 0.062-acre parcel. In its first cause of action, plaintiff claims that the sale of the 0.062 acre to the third party breached the contract of sale executed on January 12, 1987. In a second alternative cause of action, plaintiff alleges that Johnson's actions in selling the 0.062-acre parcel to the third party were fraudulent. In their answer, defendants asserted by way of an affirmative defense that the contract of sale was fully performed and merged in the deed and terminated plaintiff's claims under the contract of sale.

The case was tried before Supreme Court without a jury. Plaintiff maintained that the agreement to sell the land-locked parcel was a collateral agreement not extinguished by delivery of the deed. Johnson, Thomas Dinnel (a neighboring property owner and a member of plaintiff), John Dahl (a realtor) and Charles Wright (an attorney for defendants) testified at the trial. Supreme Court, by decision rendered at the conclusion of the trial, found that Johnson entered into a contract to sell plaintiff all of the real property then owned by defendants located between State Route 10 and Sawyer Hollow Road in the Town of Summit, Schoharie County, including a certain land-locked parcel of land containing 0.062 acre. The court also found that Johnson conveyed the 0.062 acre, valued at $6,000, to the third party by deed and thereby breached the land sale contract between the parties herein. The court concluded that plaintiff did not waive the breach by accepting the deed, since plaintiff did not know and was not aware that the deed was not in conformity with the land sale contract. A

---

* The property was held in the name of defendant 49 W. 125th St. Rest., Inc., a corporation wholly owned by Johnson.

judgment was thereafter entered in plaintiff's favor and against defendants in the sum of $6,000, plus interest and costs, amounting in all to $7,160. This appeal ensued.

We reverse. We find merit to defendants' contention that, under the merger doctrine, the land sale contract merged with the deed of conveyance and thereby extinguished the obligations and provisions of the contract upon the closing of title *(see, Davis v Weg,* 104 AD2d 617, 619; *see also,* 43 NY Jur 2d, Deeds, § 244, at 447-450). "It is the general rule that prior negotiations or agreements are merged in the deed, and such negotiations or agreements are not admissible to vary the terms of the written instrument, there being a conclusive presumption that the parties intended to integrate in the deed every agreement relating to the nature or extent of the property conveyed" (43 NY Jur 2d, Deeds, § 244, at 447-448; *see, Cordua v Guggenheim,* 274 NY 51, 57). In addition, "where a preliminary contract for the sale of land has been executed by a conveyance, any inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties" (43 NY Jur 2d, Deeds, § 244, at 448; *see, Schoonmaker v Hoyt,* 148 NY 425, 430; *Murdock v Gilchrist,* 52 NY 242, 246).

In the case at bar, the dispute is over the extent of the property conveyed. The portion of the contract relating to the description of the property to be conveyed is "an integral part of the principal purpose of the contract, namely a conveyance of title to real property" *(Yaksich v Relocation Realty Serv. Corp.,* 89 Misc 2d 410, 411) and, consequently, subject to the rule, previously quoted, that all provisions in land sale contracts are merged in the deed *(supra).* It was therefore error for Supreme Court to conclude that plaintiff did not waive the breach of contract found by the court. The deed here listed the conveyance of the 0.062-acre parcel to the third party as the final conveyance excepted from the property conveyed. Thus, plaintiff was or should have been aware that the 0.062-acre land-locked parcel was not conveyed. The merger doctrine applied and the deed extinguished the provision of the contract of sale inconsistent with it and therefore there was no provision to be waived.

Plaintiff's other arguments have been considered and found lacking in merit. Plaintiff failed to prove a case of fraud against defendants.

Judgment reversed, on the law, without costs, and com-

plaint dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.