■ ANDREW DONDERO et al., Appellants, v GLORIA GARDNER et al., Respondents. [700 NYS2d 507] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered September 24, 1998 in Chemung County, which granted defendants' motion for summary judgment dismissing the first cause of action of the complaint.

On May 4, 1994, plaintiff Andrew DonDero agreed, in writing, to purchase from defendant Gloria Gardner (hereinafter defendant) and her now deceased spouse a business located on 25 acres of real property known as Gardner Hill Campground (hereinafter the campground) in the Town of Baldwin, Chemung County, for the sum of $165,000. The contract of sale contained a merger clause which provided, *inter alia*, that the property was being sold as is and, in the event the buyer failed to notify the seller of any objections to the condition of the property prior to the closing date, such objections would be deemed waived. The sale was consummated on June 21, 1994.

Some three years later, in June 1997, plaintiffs commenced this action alleging, among other things, that defendant had misrepresented the campground's condition prior to the sale. Plaintiffs claim that defendant fraudulently represented that the campground complied with State health codes when, in

fact the septic system was not approved to service all 150 campsites at the campground, the swimming pool and electrical system as installed did not meet the specifications of the National Electric Code as implemented by the State, and the campground recreation hall's roof and foundation leaked. After completion of some discovery, Supreme Court granted defendants' motion for partial summary judgment and dismissed the first cause of action sounding in fraud. Plaintiffs appeal.

We affirm. A prima facie cause of action for fraud exists if (1) the defendant has misrepresented a material fact, (2) does so knowingly, (3) the plaintiff justifiably relied on the defendant's misrepresentations, and (4) as a result, the plaintiff incurred injury or damage (see, Landes v Sullivan, 235 AD2d 657, 658). Here, the proof is lacking with respect to several of these elements.

Defendant did indeed inform plaintiffs that the campground's septic system, swimming pool and electrical system complied with Chemung County Health Department regulations. Any suggestion, however, that defendant knowingly misrepresented the campsite to plaintiffs is belied by her uncontradicted averment that she based this assurance upon the Health Department's issuance, after inspection of the grounds, of temporary residence permits for the years 1974 through 1994.

But even if defendant knowingly misrepresented the condition of the campgrounds, the record persuades us that plaintiffs' reliance on these representations was not justified. When, as in this instance, the facts which are the subject of the alleged misrepresentation are not exclusively within the defendant's knowledge and the plaintiff could have readily ascertained the truth regarding those facts, the burden is on the latter to make the relevant inquiries " 'or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations' " (Danann Realty Corp. v Harris, 5 NY2d 317, 322, quoting Schumaker v Mather, 133 NY 590, 596). To this end, the proof reveals that plaintiffs knew or should have known of the campground's deficiencies. Significant in this regard is the fact that, prior to the transfer of title, plaintiffs received notification from the Health Department that defendant's use of the property had been "grandfathered" in and that plaintiffs would have to bring the property into compliance with the current health code. Of further import is a Health Department inspection report concerning the campground, also issued prior to the parties' closing date, which discloses the existence of electrical deficiencies,

leaking sewage and the inadequacy of toilet facilities for all of the campsites. As plaintiffs' first cause of action is not viable, it was properly dismissed. Apropos of plaintiffs' claim concerning defects in the recreation hall, it suffices to note that nothing in the record indicates that defendant had knowledge of them. We have reviewed plaintiffs' remaining contentions and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Mugglin JJ., concur. Ordered that the order is affirmed, with costs.