ERSAMO A. MARSH, Appellant, v PAUL D. HASBROUCK et al., Respondents, et al., Defendant. (And a Third-Party Action.) [831 NYS2d 554]—

Carpinello, J. Appeal from an order of the Supreme Court (Lalor, J.), entered June 13, 2006 in Greene County, which, upon renewal, denied plaintiff's motion for summary judgment.

This is an appeal from the denial of a renewed motion for summary judgment by plaintiff in the context of a mortgage foreclosure action. Defendants Paul Hasbrouck and John Hasbrouck (hereinafter collectively referred to as defendants) do not dispute their default on the underlying indebtedness. Rather, they claim that they were fraudulently induced to purchase the subject property from plaintiff and to give a purchase-money note and mortgage. Specifically, defendants allege that plaintiff misrepresented the boundary lines of the property and concealed the existence of underground petroleum tanks. Finding issues of fact as to whether defendants were fraudulently induced into purchasing the property, Supreme Court denied plaintiff's motion, precipitating this appeal. We now reverse.

In opposition to the renewed motion for summary judgment, Paul Hasbrouck submitted an affidavit in which he averred that plaintiff verbally represented to him that he owned the land situate between the two buildings on the property and the

adjacent state highway. Prior to closing, however, defendants had retained a professional engineering and land surveying firm to prepare an accurate legal description of the property, as well as a survey map.* Indeed, plaintiff, at defendants' request, incorporated this very same legal description into the deed of conveyance. This survey map depicted the street-side property line as being relatively close to the paved portion of the highway. After the commencement of this action, defendants obtained another survey from a different firm which depicts the boundary of the state land along the highway as being within a foot of the two buildings, thereby eliminating from the conveyance a parking area that defendants believed was part of the subject premises.

Because reasonable inquiry could have established the true perimeters of the property, the allegation that plaintiff misrepresented the boundary line must fail. It is well-settled law that "if the facts represented are not matters peculiarly within the party's knowledge, and the other part[ies] [have] the means available to [them] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, [they] must make use of those means, or [they] will not be heard to complain that [they were] induced to enter into the transaction by misrepresentations" (*Schumaker v Mather*, 133 NY 590, 596 [1892]). Paul Hasbrouck acknowledged that, in addition to his purported conversation with plaintiff, he relied on the first inaccurate survey prepared by his own surveyors, which "confirmed [his] belief" that the parking area adjacent to the highway was part of the subject premises. That defendants' own surveyors incorrectly depicted the boundary lines is not a failing attributable to plaintiff since the facts allegedly misrepresented were not peculiarly within his knowledge (*see Eisenthal v Wittlock*, 198 AD2d 395, 396 [1993], *lv dismissed* 84 NY2d 849 [1994]). The absence of reasonable reliance on plaintiff's alleged representations distinguishes this case from *Snyder v Potter* (134 AD2d 664 [1987]), relied upon by Supreme Court (*see DonDero v Gardner*, 267 AD2d 830, 831 [1999]).

Defendants' additional claim that plaintiff concealed the existence of underground storage tanks must also fail. First, the record establishes that these tanks are located on state land, not within the subject premises. Second, there is no indication in the record that plaintiff even knew of their existence (*see id.* at 832). Lastly, and more to the point, the contract of sale was expressly conditioned on "a satisfactory environmental inspec-

---

* Defendants have commenced a third-party action against, among others, these surveyors, the merits of which are not at issue on this appeal.

tion." Having been provided access to the premises for the performance of any tests desired, including specifically a "soil chemical analysis," defendants cannot now claim that they were fraudulently induced to enter into the contract because the possibility exists that tanks on adjacent state land may have leaked (*see CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 895 [2000]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff and matter remitted to the Supreme Court for the appointment of a referee to compute the amount due plaintiff.