■ Heinrich Wilcke et al., Appellants, v Seaport Lofts, LLC, et al., Defendants, and Donald MacLeod et al., Respondents. [846 NYS2d 133]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered January 22, 2007, dismissing the complaint in its entirety, unanimously affirmed, with costs. Appeal from order, same court and J.H.O., entered December 18, 2006, which granted defendants' motion and cross motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

While the vote of the interested managers (who together owned 40.9% of the membership interests) was necessary for the approval of the transaction, making it incumbent upon the interested parties to establish affirmatively that the transaction was fair and reasonable to the limited liability company at the time it was approved (*see* Limited Liability Company Law § 411 [b]), the record evidence demonstrates that the transaction was indeed fair and reasonable. Independent appraisers valued the property at $4.4 and $4.8 million. These appraisers had access

to relevant, objective information concerning the property (such as rent rolls), assumed a marketing period of nine months, and employed both a sales comparison and an income capitalization approach. Plaintiffs assert that the appraisals cannot be relied upon because they were obtained by the company's managers, citing *Beck v Manufacturers Hanover Trust Co.* (218 AD2d 1 [1995]). This case differs from *Beck*, however, insofar as there was independent verification of the information relied upon, and no record evidence of the undervaluation of the property. Plaintiffs assert that a much higher value for the property could have been obtained had it been sold to a developer for conversion to condominiums. The Manzari affidavit, upon which plaintiffs rely, was, as the J.H.O. found, devoid of any factual support. In any event, the Miller Cicero appraisal did assume that the highest and best use for the property was condominium conversion.

The values of the bids submitted by plaintiffs, who themselves participated in the bidding process, confirmed that the sale price to Seaport was fair and reasonable. To the extent plaintiffs contend there was an implied duty imposed by the operating agreement that the property would not be sold except for fair market value, the evidence established that the price paid by Seaport was fair and reasonable, and equal to or greater than the appraised value.

In *Tzolis v Wolff* (39 AD3d 138 [2007], *lv granted* 2007 NY Slip Op 70472[U] [2007]), this Court recognized that members of limited liability companies have standing to bring a derivative action. Thus, the court erred to the extent it held that members of a limited liability company have no standing to bring a derivative action on behalf of the company. Nevertheless, the first and second causes of action necessarily fail since defendants did not breach either the operating agreement or their fiduciary duties.

Finally, as the judicial hearing officer noted with respect to the fourth cause of action, the dissolution of Voyager was properly authorized at the July 25, 2005 special meeting. In any event, plaintiffs have a remedy in case the liquidation process goes awry. The court dismissed plaintiffs' claim that they had not been paid the proceeds from the sale, without prejudice to a new action if plaintiffs failed to receive the appropriate distributions. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.