■ Thomas J. Stollsteimer, Appellant, v William G. Kohler et al., Respondents. [910 NYS2d 581]—

Stein, J. Appeal from an order of the Supreme Court (Zwack, J.), entered June 1, 2009 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

In this action arising out of the sale of real property, plaintiff seeks recovery based on breach of contract, fraud and unjust enrichment. Plaintiff purchased a 51.708-acre parcel of real property from defendants. Prior to such purchase, plaintiff approached defendants' son, Robert Kohler, about persuading defendants to sell the land to him. Kohler admits that, when he walked the property with plaintiff, he mistakenly pointed out an incorrect boundary line, indicating that a particular four-acre section was included. Plaintiff alleges that he relied on Kohler's representation and that he ultimately paid defendants $100,000, plus an additional $45,000 for the four-acre parcel, which could be used as a building plot. Plaintiff asserts he did not learn of the correct boundary line—which did not include the four-acre lot in the 51.7-acre parcel—until after closing on the sale of the property. He, therefore, seeks recovery in the sum of $45,000.

On the other hand, defendants maintain that plaintiff agreed to pay $145,000 for the entire 51.7-acre parcel owned by defendants—which, in fact, he received—and that, because plaintiff

could have verified the boundary lines prior to closing and failed to do so, he is not entitled to recovery. Supreme Court granted defendants' motion for summary judgment and dismissed the complaint, prompting this appeal.

We affirm. With respect to plaintiff's cause of action for breach of contract, we note that, "under the merger doctrine, the land sale contract merged with the deed of conveyance and thereby extinguished the obligations and provisions of the contract upon the closing of title" (*Summit Lake Assoc. v Johnson*, 158 AD2d 764, 766 [1990]). It is presumed that the deed contains the final agreement of the parties and, thus, " 'any inconsistencies between the contract and the deed are to be explained and governed solely by the deed' " (*id.*, quoting 43A NY Jur 2d, Deeds, § 230, at 448; *see Alexy v Salvador*, 217 AD2d 877, 878 [1995]).

Here, while the contract sets forth a price of $100,000 for the entire 51.7-acre parcel owned by defendants,[1] it is uncontroverted that such property never included the disputed four-acre parcel, and the deed unambiguously and accurately described the land and its boundaries. Thus, insofar as plaintiff actually received the land that was described in the deed of conveyance, defendants demonstrated as a matter of law that there was no breach of contract as to the land conveyed (*see F.A.S.A. Constr. Corp. v Degenshein*, 47 AD3d 877, 879 [2008]; *Summit Lake Assoc. v Johnson*, 158 AD2d at 766).

Turning to the cause of action for fraud, defendants maintained that dismissal of this claim was warranted as a matter of law because plaintiff is unable to establish justifiable or reasonable reliance on Kohler's representations as to the boundary line. In support of their motion, defendants provided the affidavits of Kohler and his father, as well as relevant documents, including copies of a survey map that Kohler had provided to plaintiff before the parties even entered into a contract. Inasmuch as the facts related to the boundary were contained in the survey, were matters of public record ascertainable with relatively minor effort and were not exclusively within defendants' knowledge, defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law with regard to plaintiff's claim of fraud (*see DonDero v Gardner*, 267

---

1. The deed indicated that the property was conveyed for "one and no/100 Dollar ($1.00) . . . and other good and valuable consideration." Although the contract—which was executed the same day as the deed—sets forth a purchase price of $100,000, the parties do not dispute that, in addition to that amount (for which defendants held a mortgage), plaintiff paid $25,000 in cash at the time of closing, and a $20,000 debt owed by Kohler to plaintiff was forgiven.

AD2d 830, 831 [1999]; *see also Marsh v Hasbrouck*, 37 AD3d 1010, 1011-1012 [2007], *lv dismissed* 9 NY3d 886 [2007]; *Bennett v Citicorp Mtge., Inc.*, 8 AD3d 1050, 1050 [2004]). Thus, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]), and plaintiff failed to do so. Contrary to plaintiff's argument, under the circumstances here, the burden of ascertaining the boundary line was on plaintiff, not defendants (*see DonDero v Gardner*, 267 AD2d at 831). Accordingly, defendants established as a matter of law that plaintiff's reliance on Kohler's representations as to the boundary line was unreasonable.

As to plaintiff's unjust enrichment cause of action, inasmuch as there is a valid, express agreement between the parties, plaintiff may not recover on a theory of unjust enrichment (*see Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592-593 [2007]). It is uncontroverted that the total amount of land owned by defendants was 51.7 acres, that the contract required them to transfer the entire parcel to plaintiff and that they did so. Nor does plaintiff dispute that the parties agreed to a price of $145,000 for the entire 51.7-acre parcel. Thus, the parties' dispute is essentially one concerning the boundaries thereof (*see Marsh v Hasbrouck*, 37 AD3d at 1011).[2] Where, as here, the relevant information was readily available to plaintiff, equitable relief is unavailable (*see generally Slaughter's Administrator v Gerson*, 13 Wall [80 US] 379, 383 [1871]).

We have considered plaintiff's contention that defendants' motion was untimely and find it to be without merit.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 23 Misc 3d 1125(A), 2009 NY Slip Op 50941(U).]**

2. In fact, the record reflects that plaintiff rejected an offer by defendants to rescind the entire agreement, return the $145,000 purchase price in exchange for title to the land and compensate plaintiff for certain improvements he had made to the property.