# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**364**

**CA 10-01712**

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

JAMES J. FORTI AND LINDA A. FORTI,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

PORTVILLE FOREST PRODUCTS, INC.,
DEFENDANT-APPELLANT.

---

DIBBLE & MILLER, P.C., ROCHESTER (G. MICHAEL MILLER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THOMAS F. BRINKWORTH, BUFFALO, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered February 19, 2010.  The judgment
awarded plaintiffs the sum of $89,500 against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Defendant appeals from a judgment entered following
a nonjury trial that awarded plaintiffs $89,500 in damages and costs
resulting from defendant's actions in cutting down trees on
plaintiffs' property.  We affirm.  Defendant contends that it had the
right to cut down and remove trees from plaintiffs' property because,
when Forestlands, Inc. (Forestlands) sold the subject property to
plaintiffs in 1994, it reserved its timber rights.  The president of
Forestlands is also defendant's president.  We reject defendant's
contention inasmuch as the correction deed that was issued in 1995
omitted any reservation of timber rights to Forestlands.  Contrary to
defendant's contention, that deed constituted the final agreement
between plaintiffs and Forestlands.  " '[U]nder the merger doctrine,
the land sale contract merged with the deed of conveyance and thereby
extinguished the obligations and provisions of the contract upon the
closing of title' " (*Stollsteimer v Kohler*, 77 AD3d 1259, 1260; *see
Franklin Park Plaza, LLC v V & J Natl. Enters.*, *LLC*, 57 AD3d 1450,
1451-1452; *Summit Lake Assoc. v Johnson*, 158 AD2d 764, 766).  Although
the original deed issued upon closing of the sale in 1994 reserved
Forestlands' timber rights, the correction deed did not do so, and we
conclude that the correction deed is controlling.  Contrary to
defendant's further contention, the record does not establish that the
correction deed was executed upon Forestlands' "honest and excusable

mistake."  We have reviewed defendant's remaining contentions and conclude that they are without merit.