Piller v Princeton Realty Assoc. LLC (2019 NY Slip Op 04518)





Piller v Princeton Realty Assoc. LLC


2019 NY Slip Op 04518


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

526497

[*1]ABRAHAM PILLER, Individually and on Behalf of FALLSBURG ESTATES LLC, Respondent,
v
PRINCETON REALTY ASSOCIATES LLC et al., Defendants, and MOSHE SCHWIMMER et al., Appellants.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Kudman Trachten Aloe LLP, New York City (Paul H. Aloe of counsel), for appellants.
Asher Fensterheim, PLLC, White Plains (Kelly Paul Peters of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from that part of an order of the Supreme Court (Schick, J.), entered March 20, 2018 in Sullivan County, which denied a cross motion by defendants Moshe Schwimmer and Mendel Schwimmer to dismiss the complaint against them.
In 2001, to satisfy a debt and facilitate plans for a joint property development, defendant Moshe Schwimmer transferred to plaintiff a 50% interest in defendant Fallsburg Estates LLC (hereinafter Fallsburg), which owned approximately 220 acres of land in Sullivan County (hereinafter the property). Moshe Schwimmer agreed that the property would be free and clear of all liens and encumbrances, even though a 1999 mortgage then encumbered the property. In 2006, plaintiff and Moshe Schwimmer entered into a written agreement confirming that plaintiff was a 50% owner of Fallsburg and that Moshe Schwimmer was individually responsible for any encumbrances on the property, including the 1999 mortgage. In 2007, the mortgage was assigned to an entity equitably controlled by defendant Mendel Schwimmer, without plaintiff's knowledge or consent. At around the same time, Moshe Schwimmer represented to plaintiff that the 1999 mortgage had been satisfied.
To resolve their ongoing business disputes, plaintiff and Moshe Schwimmer participated in arbitration, resulting in a 2007 award that, among other things, confirmed that plaintiff was a 50% owner of Fallsburg and Fallsburg owned the property, and required Moshe Schwimmer to clear all encumbrances on the property within 60 days. Plaintiff commenced a proceeding in Supreme Court, Kings County to confirm the award, which the court granted. Upon Moshe Schwimmer's appeal, the Second Department affirmed (Matter of Piller v Schwimmer, 135 AD3d 766 [2016]). Meanwhile, in 2007, plaintiff had commenced an action in Supreme Court, Sullivan County to void deeds executed by Moshe Schwimmer on behalf of [*2]Fallsburg purporting to convey the property to defendant Princeton Realty Associates LLC, an entity equitably controlled by Mendel Schwimmer. Despite a 2008 preliminary injunction in the Sullivan County action, in July 2015 someone simultaneously filed numerous conveyances and a mortgage — all with various dates from 1999 to 2014 — against the property. In November 2016, Supreme Court granted plaintiff summary judgment in that prior litigation, invalidating the 2007 deeds.
In October 2016, plaintiff commenced this action against Moshe Schwimmer and Mendel Schwimmer (hereinafter collectively referred to as defendants), as well as numerous other individuals and entities alleged to have some interest in the property, to quiet title to the property and recover damages from defendants based on their allegedly unlawful actions to divest plaintiff of the value of the property. After plaintiff made a motion not relevant to this appeal, defendants cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), (5) and (7). As relevant here, Supreme Court partially denied the cross motion to dismiss [FN1]. Defendants appeal.
Supreme Court properly denied defendants' cross motion to dismiss as to the first cause of action seeking to quiet title to the property. Defendants contend that they are not proper parties to this claim and plaintiff has no standing to bring the claim. A plaintiff may maintain an action to quiet title against any defendant that has made or, according to public records or the allegations in the complaint, might make any claim against the property (see RPAPL 1501 [1]). Although Moshe Schwimmer does not have an individual interest in the property, he is a proper party in an action to quiet title because he has a 50% interest in Fallsburg, which was the original owner of the property, and he executed some of the conveyances on behalf of Fallsburg that transferred the property to other entities. As for Mendel Schwimmer, he may have an interest in the property under an alter ego theory. An alter ego will be established "when either (1) there is complete domination of a corporation by an individual . . . with respect to the transaction being attacked that resulted in a fraud or wrong against the complaining party, or (2) when a corporation has been so dominated by an individual . . . that it primarily transacts the dominator's business instead of its own" (Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1270 [2018] [internal quotation marks and citation omitted]). The record demonstrates that Mendel Schwimmer declared himself the equitable owner of entities that held recorded deeds or a mortgage to the property, and that he separately expended large sums of money on behalf of the property at the request of his brother, Moshe Schwimmer. Because defendants might make a claim against the property, they are proper defendants in a cause of action to quiet title.
Plaintiff has standing to bring the cause of action to quiet title. Individually, as he is a 50% owner of Fallsburg and it appears that the property is Fallsburg's only asset, "plaintiff's property rights will be directly and specifically affected by the resolution of the issues herein," giving him "standing to maintain the instant action" (Lumbermens Mut. Cas. Co. v Progressive Cas. Ins. Co., 168 AD2d 708, 709-710 [1990] [internal quotation marks and citation omitted]). Moreover, courts in this state have held that a member of a limited liability company has standing to bring a derivative action on the company's behalf (see Tzolis v Wolff, 10 NY3d 100, 102-103 [2008]; Wilcke v Seaport Lofts, LLC, 45 AD3d 447, 448 [2007]; Vertical Computer Sys., Inc. v Ross Sys., Inc., 11 AD3d 375, 379 [2004] [relying on Delaware law for a Delaware limited liability company]). Although the complaint does not specifically cite Delaware statutes, which apply to Fallsburg as a limited liability company created under Delaware law (see Rimawi v Atkins, 42 AD3d 799, 800-801 [2007]), the complaint's allegations can be read to satisfy the statutory requirement that plaintiff explain why he did not attempt to secure Moshe Schwimmer's approval to initiate this action, thereby permitting plaintiff to bring this claim derivatively on Fallsburg's behalf (see 6 Del C §§ 18-1001, 18-1003). "In the corporate derivative context, demand will be considered futile and thus excused when the particularized factual allegations [*3]contained in the complaint create a reason to doubt that (1) 'the directors are disinterested and independent [or that] (2) the challenged transaction was otherwise the product of a valid exercise of business judgment.' When dealing with a two-member board of directors, [the Delaware Court of Chancery] has previously held that a finding of interestedness on the part of one director will excuse demand on the board" (Lola Cars Intl. Ltd. v Krohn Racing, LLC, 2009 WL 4052681, *7, 2009 Del Ch LEXIS 193, *23-24 [Del Ch, Nov. 12, 2009, C.A. Nos. 4479-VCN, 4886-VCN], quoting Wood v Baum, 953 A2d 136, 140 [Del 2008]). Because Fallsburg has only two members and plaintiff is challenging conveyances, many of which were executed or approved by Moshe Schwimmer or his family members, demand would have been futile. As plaintiff has standing, both individually and derivatively, and defendants are proper parties to a cause of action to quiet title to the property, Supreme Court properly denied defendants' request to dismiss that claim.
Supreme Court should have dismissed the fraud cause of action. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant[s], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996] [citations omitted]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Regarding the justifiable reliance element, "[a] party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence" (KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872, 872 [2006], lv denied 8 NY3d 804 [2007]), such as by looking at public property records that were ascertainable with relatively minor effort (see Stollsteimer v Kohler, 77 AD3d 1259, 1260 [2010]; see also Rojas v Paine, 101 AD3d 843, 846 [2012]). The statute of limitations for fraud claims is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]).
Plaintiff alleged that Moshe Schwimmer misrepresented in 2001 that Fallsburg would own the property free and clear of all encumbrances, in 2006 that he would remove all encumbrances within 60 days and in 2007 that he had satisfied the 1999 mortgage. Although plaintiff asserts that it was not until he obtained a title report in 2016 that he discovered that the 1999 mortgage had not been satisfied, he could have discovered the misrepresentation earlier had he looked at filed property records in the county clerk's office or obtained a title report (see Stollsteimer v Kohler, 77 AD3d at 1260). Indeed, the record demonstrates that, in 2008, someone recorded with the county clerk an assignment of the 1999 mortgage to an entity controlled by Mendel Schwimmer. These fraud claims were untimely because, with reasonable diligence, plaintiff could have discovered the misrepresentations years before he did so, and the six-year statute of limitations ran well before this action was filed in 2016. To the extent that plaintiff alleges that defendants committed fraud by omitting mention that they permitted or approved of other conveyances of the property that were filed in 2015, plaintiff did not allege that he justifiably relied on those omissions. Based on the contentious nature of the parties' relationship by that time — when they were embroiled in two pending legal actions concerning, in part, legal ownership of the property — it seems unlikely that plaintiff would have relied on defendants to inform him of anything that would affect his interest in the property. Accordingly, defendants are entitled to dismissal of the cause of action alleging fraud.
Supreme Court should have dismissed the breach of contract cause of action alleged against Moshe Schwimmer. The doctrines of res judicata and collateral estoppel apply to arbitration awards (see Matter of Ranni [Ross], 58 NY2d 715, 717 [1982]; Hagopian v Karabatsos, 157 AD3d 1020, 1022 [2018]; Matter of Pinnacle Envt. Sys. [Cannon Bldg. of Troy Assoc.], 305 AD2d 897, 898 [2003]). "[R]es judicata bars not only those claims that were actually litigated previously, but also those which might have been raised in the former action" or arbitration (Bernstein v State of New York, 129 AD3d 1358, 1359 [2015] [internal quotation marks and citation omitted]; see Tovar v Tesoros Prop. Mgt., LLC, 119 AD3d 1127, 1128-1129 [2014]). Plaintiff's current allegations that Moshe Schwimmer breached his 2001 and 2006 promises to clear all liens and encumbrances from the property were the subject of the 2007 [*4]arbitration award, which was confirmed by the courts and required Moshe Schwimmer to clear the property of all liens and encumbrances within 60 days of the issuance of the award. If Moshe Schwimmer failed to comply with the confirmed award, plaintiff was statutorily required to bring any subsequent application for enforcement or contempt "by motion in the special proceeding or action in which the first application was made" (CPLR 7502 [a] [iii]), i.e., in the confirmation proceeding commenced in Supreme Court, Kings County (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122-123 [2001]). Plaintiff also alleges that Moshe Schwimmer breached the 2001 and 2006 agreements by allowing conveyances to be recorded against the property in 2015. Although those 2015 actions could not have been addressed in the 2007 arbitration, as they had not yet occurred at the time of the award, the recording of the conveyances did not breach any agreement because the agreements do not directly address the rights of either party to permit future conveyances. Thus, Moshe Schwimmer was entitled to dismissal of the breach of contract cause of action.
Moshe Schwimmer was not entitled to dismissal of the breach of fiduciary duty claim. "To establish a breach of fiduciary duty, the movant must prove the existence of a fiduciary relationship, misconduct by the other party, and damages directly caused by that party's misconduct" (Pokoik v Pokoik, 115 AD3d 428, 429 [2014] [citation omitted]). Pursuant to Limited Liability Company Law § 409, members of a limited liability company owe one another a fiduciary duty to act in good faith and with the degree of care of an ordinarily prudent person in similar circumstances. Plaintiff alleged that Moshe Schwimmer breached his fiduciary duty by conveying the property without plaintiff's knowledge or consent, causing plaintiff to be divested of the value of his interest in Fallsburg. As those conveyances were dated in 2014 and recorded in 2015, this claim was not barred by the statute of limitations and could not be barred by res judicata based on the 2007 arbitration award. Therefore, we will not dismiss the breach of fiduciary duty claim.
Lynch, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the cross motion by defendants Moshe Schwimmer and Mendel Schwimmer to dismiss the second and fourth causes of action; cross motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Plaintiff had previously withdrawn one cause of action. Supreme Court dismissed another, which is not at issue on this appeal, as plaintiff did not cross-appeal from that portion of the order.